IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2127-FL

| | | |
|---|---|---|
| DOUGLAS PENDERGRASS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| JUSTIN ANDREWS, | ) ) ) | |
| Respondent. | ) | |

The matter is before the court on respondent's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 7). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

**BACKGROUND**

On April 14, 2011, petitioner pleaded guilty in the United States District Court for the District of South Carolina to a single count of bank fraud in violation of 18 U.S.C. § 1344. United States v. Pendergrass, No. 4:10-CR-1049-RBH-1 (D.S.C. April 14, 2011). On November 17, 2011, the sentencing court sentenced petitioner to 37 months imprisonment and 5 years of supervised released. (Pet. Ex. C (DE 1-1) at 10-12). In addition, petitioner was ordered to pay a $100.00 special assessment and $4,795.76 in restitution, both due immediately. (Id. at 13). The sentencing court ordered that any restitution balance not paid immediately be paid in monthly instalments of $250.00 to commence within 30 days after release from imprisonment. (Id. at 14).

On January 31, 2014, petitioner completed his term of imprisonment and was released to his term of supervised release. (Pet. Ex. A (DE 1-1) at 2). Petitioner later violated the terms of his supervised release. On February 5, 2016, his supervised release was revoked and he received a 30-month sentence of imprisonment, with no additional monetary penalties imposed. (Pet. Ex. B (DE 1-1) at 8-9). At the time petitioner's supervised release was revoked, he had not satisfied the $4,795.76 in restitution ordered as part of his original criminal judgment. (Id. at 8).

Because petitioner had not completed his restitution payments, prison officials offered to place petitioner in the inmate financial responsibility program ("IFRP"). (Pet. (DE 1) at 7). The IFRP assists inmates in developing plans to meet their financial obligations, including those imposed as part of their criminal judgments. BOP Program Statement 5380.08, Financial Responsibility Program, Inmate (Aug. 15, 2005), https://www.bop.gov/policy/progstat/5380_008.pdf [https://perma.cc/KQ4Y-JBRH]. Petitioner refused to participate in the program and alleges that he received punitive "sanctions" as a result of his refuse to particiapte. (Pet. (DE 1) at 7). Petitioner was released from federal custody on February 16, 2018. Fed. Bureau Prisons, Find an Inmate, BOP Register Number 22080-171, https://www.bop.gov/inmateloc/ [https://perma.cc/J7QR-4JMG].

On June 19, 2017, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, asserting that BOP does not have authority to collect restitution payments from him through the IFRP and that he received improper "sanctions" as a result of his refusal to participate in the IFRP. (Pet. (DE 1) at 6-7; Pet'r's Resp. (DE 10) at 2-3). Respondent filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that the petitioner is not entitled to habeas relief. The motion was fully briefed.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). When evaluating a motion to dismiss, the court may consider the exhibits attached to the petition and matters of public record, without converting the motion into one for summary judgment. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

B.  Analysis

Where, as here, a petitioner has been released from custody before the habeas proceedings conclude, "the court must . . . determine if the case is moot." Taylor v. Huffman, 36 F.3d 1094, 1994 WL 525073, at *1 (4th Cir. 1994) (table). A § 2241 claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986). In other words, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed

3

by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998). A case therefore becomes moot "when the claimant receives the relief he or she sought to obtain through the claim." Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir.2011).

Here, petitioner's sole claim is that the BOP has been improperly attempting to collect restitution payments from him through the IFRP and imposing punitive sanctions based on his refusal to participate in the program. Petitioner's release from federal custody moots this claim: BOP is no longer attempting to "force" petitioner to participate in the IFRP or imposing any sanctions on him due to his refusal to participate. See, e.g., Simmons, 634 F.3d at 763 (claim is moot where the petitioner receives all the relief he sought to obtain through his claim); Bryant v. Berkebile, No. 10-482, 2013 WL 4012641, at *1-2 (S.D.W. Va. Aug. 5, 2013) (dismissing as moot § 2241 petition challenging IFRP due to petitioner's release from federal custody); see also Alston v. Adams, 178 F. App'x 295, 295–96 (4th Cir. 2006) (dismissing as moot appeal of order in § 2241 proceeding because petitioner was no longer in federal custody).[1]

Anticipating this result, petitioner requests "that his petition not be deemed as moot . . . because of the possibility of any future attempt of the BOP to attempt to enforce [the restitution portion of his November 21, 2011 criminal judgment]." (Pet'r's Resp. (DE 10) at 15). Petitioner cannot avoid the mootness doctrine by arguing that he may violate the law again and serve a new term of imprisonment. See O'Shea v. Littleton, 414 U.S. 488, 497 (1974) ("[W]e are . . . unable to conclude that the case-or-controversy requirement is satisfied by general assertions

---

[1] Additionally, none of the recognized exceptions to the mootness doctrine apply. Petitioner is not subject to any collateral consequences related to BOP's requests that he participate in the IFRP. See Leonard, 804 F.2d at 842 (explaining collateral consequences exception). As discussed below, petitioner also cannot show that there is a reasonable expectation that he would be subject to the same action again or that the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration. See id.

4

or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction . . . .").

Based upon the foregoing, petitioner's claim is moot. Thus, the court GRANTS respondent's motion to dismiss.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 7) is GRANTED. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 29th day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge